# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 29, 2016

Plaintiff-Appellee,

v

No. 323919
Wayne Circuit Court
LC No. 14-004066-FH

EDWIN LAMAR PRUDE II,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of third-degree fleeing and eluding a police officer, MCL 257.602a(3). As a second habitual offender under MCL 769.10, defendant was sentenced to 2 to 7 ½ years' imprisonment. We affirm.

This case arises out of an incident that took place around noon on March 19, 2014. According to Detroit Police Officer Dean Muczynski, he, his partner Ryan May, and Michigan Department of Corrections Agent Matt Walker were investigating a confidential informant's tip that a black Kia was involved in various armed robberies and carjackings around the Lakepoint Street area of Detroit in the previous month when they saw a black Kia make a left turn without using a turn signal. Officer Muczynski pulled behind the car and turned on his overhead lights and sirens. The driver of the Kia fled, eventually reaching a speed of 60 to 70 miles per hour in a residential area where the speed limit is 25 miles per hour. The driver disregarded stop signs and did not use turn signals. Eventually Officer Muczynski's supervisor told him to stop the chase, because "the speeds were getting a little reckless."

At one point the driver paused and waited for police, allowing Officer Muczynski to clearly see the driver's face. A few days later, police arrested defendant for the March 19, 2014 incident. At the time of his arrest, defendant had a Kia key in his pocket. Officer Muczynski identified defendant as the Kia's driver at trial, and in a photographic array prior to trial. Officer May and Agent Walker also identified defendant as the driver.

Prior to trial, the prosecution submitted notice that it intended to present evidence, pursuant to MRE 404(b), of an incident that took place on March 14, 2014. Defense counsel objected, and the trial judge overruled the objection, admitting the evidence.

-1-

Officer Ladonis Jenkins testified that on March 14, 2014, she was holding defendant's brother in custody in the back of her squad car at Denby High School on the east side of Detroit. She was sitting in the passenger seat and her partner, Officer Cooper, was driving. Defendant, driving a black Kia and accompanied by two other people, pulled alongside the squad car and asked about the person in custody. The three occupants then exited the Kia, blocked the squad car's exit, began hitting the squad car with their hands, and attempted to open the squad car's doors. Eventually, one of the occupants was able to open the rear door and pull defendant's brother from the squad car. Officer Jenkins exited her car to regain custody of the detainee. When she reached for her chemical spray, defendant began hitting her in the face. Defendant then fled the scene driving the black Kia with the two other occupants and defendant's brother as passengers.

Officer Fred Wilson arrived as defendant drove away. He activated his lights and siren, but the black Kia continued driving at high speed. Officer Wilson pursued the Kia, eventually coming within 10 yards of the Kia at one point in the pursuit. The driver of the Kia reached a speed of 70 to 80 miles per hour in residential zones where the speed limit was 25 or 30 miles per hour. They chase continued through several neighborhoods, until the dispatcher instructed Wilson to stop pursuit. The Kia never stopped at stop signs or used turn signals. Officer Wilson and Officer Jenkins both identified defendant as the driver.

Defendant argues that the trial court erred in admitting evidence of the March 14, 2014 incident under MRE 404(b). We disagree.

> [T]his Court reviews a trial court's decision regarding the admissibility of other-acts evidence for an abuse of discretion. However, decisions regarding the admission of evidence frequently involve preliminary questions of law, e.g., whether a rule of evidence or statute precludes admissibility of the evidence. Questions of law are reviewed de novo. [*People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007) (citations omitted).]

A trial court's decision on a close evidentiary issue cannot ordinarily be an abuse of discretion. *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000).

"Evidence of other crimes, wrongs, or acts" may be properly admitted as "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the mistake is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." MRE 404(b)(1). The defendant first argues that the other acts testimony regarding the March 14th incident was offered as character propensity evidence to prove that "since defendant had allegedly fled and eluded DPS officers a few days prior to this alleged incident, he must have done the same thing in this case." Under MRE 404(b)(1), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." *Id.* However, defendant correctly avers that "[r]elevant other acts evidence does not violate Rule 404 (b) unless it is offered solely to show the criminal propensity of an individual to establish that he acted in conformity therewith." *People v VanderVliet*, 444 Mich 52, 65; 508 NW2d 114, 122 (1993). As we find the other acts evidence was properly admitted under MRE 404(b) as proof of defendant's common scheme, plan, or system in eluding

police and as identity evidence, we find the trial court did not err in admitting evidence of the March 14, 2014 incident.

Evidence of similar conduct can be used to show that the charged offense occurred, even when not part of a "single continuing conception or plot," when the "uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of the common plan, scheme, or system." *Sabin*, 463 Mich at 63-64. In *Sabin*, this Court affirmed the trial court's admission of MRE 404(b) evidence regarding sexual abuse of one victim, to show sexual abuse of a different victim. *Id.* at 66. Both victims had a father-daughter relationship with the defendant, they were of similar age, and the defendant used his authority as a parent to manipulate both of them into silence. *Id.* However, there were significant differences between the charged act and the act admitted pursuant to MRE 404(b). *Id*. at 67. The defendant performed a single act of sexual intercourse with one victim, during the afternoon. *Id*. The defendant performed oral sex on the other victim, at night in the victim's bedroom, frequently over a period of years. *Id.* The *Sabin* Court, despite these differences, found that the trial court did not abuse its discretion in admitting the MRE 404(b) evidence to show the two incidents of abuse were part of a "plan, scheme, or system to do the acts." *Id.* at 67-68.

The two incidents at issue in the instant case are at least as similar as the incidents at issue in *Sabin*. During both pursuits defendant fled from police in a black Kia, while ignoring stop signs and not using turn signals. Both incidents occurred within a few days of each other, and both took place in the same area of Detroit, one starting at Denby High School and one starting six blocks away at 11427 Lakepoint Drive. Defendant drove at similar speeds during both pursuits; he reached 60 to 70 miles per hour on March 19, 2014, and 70 to 80 miles per hour on March 14, 2014. Both areas through which he drove were residential, with speed limits of 25 or 30 miles per hour. Police had to abandon pursuit in both cases. While not part of a single plot, the pursuits are similar enough that they show a common plan, scheme, or system of fleeing from police at high speeds through residential neighborhoods until, to protect the public, police were forced to abandon pursuit.

The same evidence also tends to show defendant's identity as the driver of the black Kia. To admit evidence of identification through modus operandi under MRE 404(b), the prosecutor must show that

> (1) there is substantial evidence that the defendant committed the similar act (2) there is some special quality of the act that tends to prove the defendant's identity (3) the evidence is material to the defendant's guilt, and (4) the probative value of the evidence sought to be introduced is not substantially outweighed by the danger of unfair prejudice. [*People v Ho*, 231 Mich App 178, 186; 585 NW2d 357 (1998), citing *People v Golochowicz*, 413 Mich 298, 307-309; 319 NW2d 518 (1982).]

As Officers Jenkins and Wilson identified defendant as the person driving the Kia during the March 14, 2014 pursuit, we cannot find the trial court erred in determining the first element was met. As to the second element, in both cases the perpetrator fled through the same residential area, ignoring stop signs and failing to signal turns. In both situations, the perpetrator drove more than 40 miles above the posted limit so as to force police to abandon pursuit. We

find highly untenable the proposition that two different people would use the same vehicle in the same 6 block radius to engage in such similar reckless conduct. Accordingly, the trial court did not err in finding that these similarities are special qualities of the act that tend to show the same person was driving during both incidents.

Regarding the third criterion, the evidence is material because identity is an element of the charged offense and the evidence tended to prove defendant's identity as the driver. See *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008) (stating that identity is an element of every criminal offense). Regarding the fourth criterion, evidence of identity was particularly probative because defendant disputed that element. Defendant disputed the officers' identification of defendant claiming the officers could not see defendant's face during the March 19, 2014 incident and that the photographic line-up from which they identified him was improperly conducted. The fact that defendant disputed the element of identity makes evidence of that element highly probative, and favors admission of identity evidence. See *Sabin*, 463 Mich at 71 (holding that the danger of unfair prejudice did not greatly outweigh the probative value of other acts evidence because the other acts evidence was relevant to a disputed element of a charged offense). Accordingly, we cannot find the trial court erred when determining the probative value of the other acts evidence outweighed the prejudicial effect to defendant.

As evidence of the March 14, 2014 incident was admitted to show defendant's common plan, scheme, or system of eluding police and defendant's identity as the driver of the black Kia, the trial court admitted this evidence for a proper purpose under MRE 404(b).

Defendant next contends that the other acts evidence was not relevant under MRE 401, which states, " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." As discussed, the other acts evidence tends to show that it is more probable that defendant was driving the Kia during the March 19, 2014 pursuit. The other acts evidence is thus relevant and admissible under MRE 402 (stating "all relevant evidence is admissible, except as otherwise provided . . . Evidence which is not relevant is not admissible.")

Finally, defendant argues that the trial court erred in not excluding the evidence under MRE 403, which states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). "Because prior acts evidence carries with it a high risk of confusion and misuse, there is a heightened need for the careful application of the principles set forth in MRE 403" when the trial court admits other acts evidence under MRE 404(b). *Id.* Because, as discussed above, defendant largely based his defense on discrediting the prosecution's evidence presented to prove the element of identity, any evidence proving his identity was particularly probative. See *Sabin*, 463 Mich at 70. Thus, despite the heightened

danger of unfair prejudice posed by presenting evidence of the March 14, 2014 pursuit, MRE 403 did not require exclusion of that evidence. This is particularly true given the deferential standard of review, which does not permit reversal for close evidentiary questions. See *id.* at 67.

Affirmed.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens